IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD W. CALDARONE, | ) | CIVIL NO. 15-00319 SOM-RLP |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING ORDER DENYING |
| | ) | PLAINTIFF'S MOTION FOR LEAVE |
| vs. | ) | TO FILE A SECOND AMENDED |
| | ) | COMPLAINT |
| RON M. FARIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER AFFIRMING ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

On January 11, 2016, Plaintiff Richard W. Caldarone filed an affidavit with the title "Order to Quash, Strike and Vacate Judge Pugliesi's [sic] Denial."  This court construes this document as Plaintiff's appeal from Magistrate Judge Richard L. Puglisi's Order Denying Plaintiff's Motion for Leave To File a Second Amended Complaint.  As the Order Denying Leave was filed on December 29, 2015, Plaintiff's appeal is timely.

This court affirms the Magistrate Judge, finding the Order Denying Leave to be well reasoned and further determining that the affidavit submitted on appeal does not establish any reason for reversal.

A Magistrate Judge's order may be reversed by a District Judge only when it is clearly erroneous or contrary to law, and the "clearly erroneous" standard is difficult to meet.  See Boskoff v. Yano, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001) ("Under the 'clearly erroneous' standard, the lower court's

ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed." (quotations and citations omitted)); Thorp v. Kepoo, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

Plaintiff has submitted an affidavit with impassioned argument but no authority or persuasive analysis that in any way establishes that the Order Denying Leave was clearly erroneous or is contrary to law.  Moreover, the affidavit includes demands for information or documentation, ignoring the need for the court to base its ruling on the existing record in this circumstance.

A few examples will illustrate the nature of the lengthy affidavit.  Page 9 of the affidavit asks for witnesses and documentation "under Rule 37."  Page 10 of the affidavit complains about a statement that Caldarone's claims are "opaquely pled" and says, "Are we in Art Class?  Opaque means you can't see through it!  Obviously anyone who closes their eyes TO THE TRUTH won't be able to understand what is going on and should maybe have their vision checked!"  Page 11 of the affidavit asks, "are the Courts legitimate in the First place?" and "Does the KINGDOM OF HAWAII EXIST TODAY?"  In a section on federal question jurisdiction, the affidavit refers to the Constitution and

federal statutes, but those provisions are not cited or hinted at anywhere in the proposed Second Amended Complaint.  If Caldarone wanted to rely on federal statutes, he should have sought leave to file a different pleading and should have pled facts supporting a claim based on federal law.

    The Order Denying Leave is AFFIRMED.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, January 12, 2016.



    /s/ Susan Oki Mollway
    Susan Oki Mollway
    United States District Judge

ORDER AFFIRMING ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT