IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD W. CALDARONE, | ) | CIVIL NO. 15-00319 SOM/RLP |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING MOTION TO |
| | ) | DISMISS AND SUBSTANTIVE |
| VS. | ) | JOINDER THEREIN |
| | ) | |
| RON M. FARIS, CEO of Ocwen; | ) | |
| Gerald Clay and Robert | ) | |
| Chapman (Clay Chapman Law | ) | |
| Firm); TMLF-HAWAII-MANMEET | ) | |
| RANA, | ) | |
| | ) | |
| Defendants. | | |

**ORDER GRANTING MOTION TO DISMISS AND SUBSTANTIVE JOINDER THEREIN**

**I.      INTRODUCTION.**

This is Plaintiff Richard W. Calderone's fourth federal district court lawsuit arising out of the foreclosure proceedings concerning his home.  Calderone, proceeding pro se, filed his Amended Complaint in this action on September 3, 2015.  Because this court lacks subject matter jurisdiction, the court grants the motion to dismiss and substantive joinder therein and dismisses the Amended Complaint without a hearing pursuant to Local Rule 7.2(d).

**II.     BACKGROUND.**

        **A.    Caldarone I.**

On October 4, 2013, Caldarone filed the first of his four federal actions in this court.  Caldarone I arose out of a state-court foreclosure of his mortgage securing a loan.  The

present status of those foreclosure proceedings is unclear. See ECF No. 1, Civ. No. 13-00516 DKW/BMK. Caldarone amended his Complaint to add as a defendant Ocwen Loan Servicing, the company Caldarone said had purchased his loan from his lender, One West Bank, although it may well be that Ocwen is merely a loan servicer. See ECF No. 8, Civ. No. 13-00516 DKW/BMK. On March 21, 2014, the court dismissed the Amended Complaint, giving Caldarone leave to file a Second Amended Complaint. See ECF No. 21, Civ. No. 13-00516 DKW/BMK.

On May 5, 2014, Caldarone filed a Second Amended Complaint against Island Home Capital and its CEO, Kurt Nielson; Dennis Kaping, agent of Island Home Capital; Old Republic Title Company and its CEO, Rande K. Yeager; One West Bank and its CEO, Joe Otting; Rourth Crabtree Olson and its founder, Stephen Routh; Ocwen Loan Servicing and its CEO, Ronald M. Faris; Experian and its CEO, Donald Robert; and Fannie Mae and its CEO, Tim Mayopoulis. See ECF No. 32, Civ. No. 13-00516 DKW/BMK. Caldarone alleged predatory lending, asserting that his lender should have known that he could not make his mortgage payments. Id.

On September 22, 2014, Judge Derrick Watson dismissed Caldarone I with prejudice because the Second Amended Complaint failed to satisfy the requirements of federal question or diversity jurisdiction. See ECF No. 89, Civ. No. 13-00516

2

DKW/BMK.   Judgment was entered and Caldarone appealed.  See ECF Nos. 91, 92, Civ. No. 13-00516 DKW/BMK.

On October 5, 2015, the Ninth Circuit Court of Appeals affirmed in a memorandum decision.  See ECF No. 100, Civ. No. 13-00516 DKW/BMK.

**B.     Caldarone II.**

On November 18, 2013, which was before Judge Watson dismissed the Second Amended Complaint in Caldarone I, Caldarone sent a letter to this court which was deemed to be a separate complaint arising out of the same conduct at issue in Caldarone I.  In this second lawsuit, he asserted that Island Home Capital, owned by Kurt Nielsen, had no license to operate as a mortgage broker in Hawaii.  He complained that Dennis Kaping, an Island Home Capital employee, had falsified Caldarone's stated income in a mortgage application.  Caldarone also complained that One West Bank had foreclosed on the mortgage securing the loan for his home.  See ECF No. 1, Civ. No. 13-00628 JMS/RLP (Caldarone II).  The Complaint was dismissed by Judge J. Michael Seabright with leave to amend.  See ECF No. 7, Civ. No. 13-00628 JMS/RLP.

On December 19, 2013, Caldarone filed an Amended Complaint in Caldarone II.  Caldarone reasserted his claims that (1) Kurt Nielson of Island Home Capital had operated without a mortgage broker's license; and (2) Dennis Kaping of Island Home Capital had committed fraud and predatory lending in connection

3

with his loan.  Caldarone also asserted that (3) Old Republic Title (CEO Rande K. Yeager) had committed fraud by claiming that it had witnessed the signing of Caldarone's mortgage papers; (4) One West Bank (CEO Joe Otting) had committed predatory lending, lost the promissory note, and committed fraud and deceptive trade practices in connection with his mortgage papers; (5) Routh Crabtree Olson (CEO Stephen Routh) had represented One West Bank and committed fraud in connection with the foreclosure; (6) Ocwen Loan Servicing (CEO Ron M. Faris), which allegedly purchased Caldarone's loan from One West Bank, had committed predatory lending, lost the original promissory note, and aided and abetted fraud; (7) Experian (CEO Don Robert) had refused to change Caldarone's credit rating; and (8) Fannie Mae (CEO Tim Mayopoulis) had aided and abetted One West Bank's fraud.  See ECF No. 8, Civ. No. 13-00628 JMS/RLP.  The Amended Complaint was dismissed on December 23, 2013.  See ECF No. 9, Civ. No. 13-00628 JMS/RLP.

On February 6, 2014, Caldarone filed a Second Amended Complaint against the same Defendants, including Ron M. Faris, of Ocwen Loan Servicing.  See ECF No. 14, Civ. No. 13-00628 JMS/RLP. On February 25, 2014, Judge Seabright dismissed the Second Amended Complaint without prejudice.  See ECF No. 16, Civ. No. 13-00628 JMS/RLP.  Judgment was issued the same day, and Caldarone did not appeal.  See ECF No. 17, Civ. No. 13-00628

JMS/RLP.  Thus, Caldarone II became final before Judge Watson had dismissed Caldarone I with prejudice.

### B. Caldarone III.

On November 18, 2014, after the dismissal of Caldarone I and Caldarone II but before the Ninth Circuit had affirmed the dismissal in Caldarone I, Caldarone filed yet another action arising out of the state-court foreclosure proceedings, again claiming that he had been the victim of predatory lending.  In Caldarone III, Caldarone accused Hawaii's former Governor (Neil Abercrombie), former Attorney General (David Louie), and former Director of Department of Commerce and Consumer Affairs (Kealii Lopez) (collectively, "State Defendants") of having failed to stop the state-court foreclosure.  Attorneys Gerald Clay and Robert Chapman (collectively, "Clay Chapman Defendants"), as well as a state-court judge, the Honorable Ron Ibarra, were also named as Defendants.  See ECF No. 1, Civ. No. 14-00523 LEK/BMK (Caldarone III).

On January 20, 2015, Caldarone filed an Amended Complaint in Caldarone III, asserting similar claims.  See ECF No. 35, Civ. No. 14-00523 LEK/BMK.  On April 30, 2015, Judge Leslie E. Kobayashi dismissed the claims against the State Defendants with prejudice, determining that the State Defendants were immune from his claims.  See ECF No. 76, Civ. No. 14-00523 LEK/BMK.  Judge Kobayashi also dismissed the Amended Complaint

with respect to the Clay Chapman Defendants, determining that the court lacked subject matter jurisdiction.  Caldarone was allowed to file a motion seeking leave to file a Second Amended Complaint against the Clay Chapman Defendants.  Id.

On June 1, 2015, Caldarone filed a Second Amended Complaint, asking that the state-court foreclosure case be dismissed and asserting that One West Bank had filed a frivolous foreclosure lawsuit given Caldarone's appeal in Caldarone I.  See ECF No. 83, Civ. No. 14-00523 LEK/BMK.  On June 4, 2015, the court construed this document to be a motion seeking leave to file the Second Amended Complaint and denied the motion because it failed to assert any viable claim with respect to the Clay Chapman Defendants or any basis for exercising subject matter jurisdiction.  See ECF No. 84, Civ. No. 14-00523 LEK/BMK.  Judgment was entered and Caldarone appealed.  See ECF Nos. 85, 87, Civ. No. 14-00523 LEK/BMK.  According to the Ninth Circuit Docket, the Ninth Circuit Court of Appeals has not decided the appeal.

**B.    Caldarone IV.**

On October 12, 2015, months after Judge Kobayashi had decided Caldarone III and Caldarone had appealed, Caldarone filed the present action.  See ECF No. 1, Civ. No. 15-319 SOM/RLP (Caldarone IV).  The Complaint in Caldarone IV names as Defendants Ron M. Faris, CEO of Ocwen, and the Clay Chapman

Defendants, and complains that the purported lender was going forward with a state-court foreclosure action while Caldarone had appeals pending with the Ninth Circuit in Caldarone I and Caldarone III. Id. On September 3, 2015, Caldarone amended his Complaint to add TMLF Hawaii-Manmeet Rana as a Defendant, still claiming that he is the victim of a fraud in the state-court foreclosure proceedings. See ECF No. 9, Civ. No. 15-319 SOM/RLP.

The Amended Complaint contains few factual allegations with respect to Faris/Ocwen, the Clay Chapman Defendants, or TMLF Hawaii-Manmeet Rana. It alleges that TMLF Hawaii-Manmeet Rana, presumably a law firm and an attorney, and the Clay Chapman Defendants had sent separate letters to Caldarone threatening foreclosure proceedings on behalf of Ocwen, who apparently had either purchased Caldarone's loan or had proceeded on the lender's behalf. See ECF No. 9, Civ. No. 15-319 SOM/RLP, PageID #s 27-28. Caldarone asks the court to stay the foreclosure. Id., PageID # 28.

Although the Amended Complaint mentions a violation of the Truth in Lending Act ("TILA"), it does so in the context of saying that Kurt Neilson and Island Home Mortgage had violated that federal law by failing to provide him with a notice of his right to rescind and a copy of his mortgage. Kurt Neilson and Island Home Mortgage are not Defendants in this action, although they were named as Defendants in Caldarone I and Caldarone II.

The references to TILA do not appear to concern any claim against Faris/Ocwen, the Clay Chapman Defendants, or TMLF-Hawaii-Manmeet Rana.  Indeed, no Defendant in this case is alleged to have played any part in Caldarone's original loan issuance or original loan processing.

**III.     STANDARD.**

    **A.   Rule 12(b)(1).**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a complaint may be dismissed for lack of subject matter jurisdiction.  An attack on subject matter jurisdiction "may be facial or factual."  Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  Id.  A factual attack, on the other hand, "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  Id.

If the moving party makes a facial challenge, the court's inquiry is "confin[ed] . . . to allegations in the complaint."  Savage, 343 F.3d at 1040.  Those allegations are taken by the court as true.  Courthouse News Serv. v. Planet, 750 F.3d 776, 780 (9th Cir. 2014).  On the other hand, if the moving party makes a factual challenge, the court may consider evidence beyond the complaint and "need not presume the truthfulness of

the plaintiff's allegations." Id.  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. (quoting Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)) (internal quotation marks omitted).

**IV.    ANALYSIS.**

As Caldarone has been told by other judges of this court, to pursue a claim in federal court, he needs to establish either federal question jurisdiction or diversity jurisdiction. See 28 U.S.C. § 1331; 28 U.S.C. § 1332(a)(1).  He fails to do so.

**A.    No Diversity Jurisdiction.**

Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States."  28 U.S.C. § 1332.  A natural person's state citizenship is "determined by her state of domicile, not her state of residence.  A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  For this court to exercise diversity jurisdiction, there must be complete diversity between the parties.  That is, the citizenship of each plaintiff must be

9

diverse from the citizenship of each defendant. See <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996). This court lacks diversity jurisdiction when even one defendant and one plaintiff share the same citizenship. See <u>id.</u>

There is no dispute that complete diversity of citizenship is lacking in this case. Caldarone, who lists a Hawaii address on his Amended Complaint and complains of a Hawaii state-court foreclosure, appears to be a citizen of Hawaii. The unopposed motion and substantive joinder before this court claim that Gerald Clay, Robert Chapman, the Clay Chapman law firm, TMLF Hawaii, and Manmeet Rana are all citizens of Hawaii. Because Caldarone fails to contest the lack of complete diversity of citizenship, the court concludes that it lacks diversity jurisdiction.

**B.   No Federal Question Jurisdiction.**

Even reading the Amended Complaint very broadly because Caldarone is <u>pro se</u>, the court does not discern a federal claim that gives this court federal question jurisdiction. See <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam))).

At most, Caldarone refers to an alleged TILA violation committed by parties named in <u>Caldarone I</u> and <u>Caldarone II</u>.

10

Those parties are not Defendants in this action.  The court does not read the Amended Complaint as asserting a claim under the TILA against any party in this action.

The court discerns no other federal claim asserted in the Amended Complaint.  For that reason, the court determines that no claim is being asserted in the Amended Complaint against any named Defendant over which this court has federal question jurisdiction.

**V.        LEAVE TO AMEND IS DENIED.**

The Ninth Circuit has stated, "A pro se litigant is entitled to an opportunity to amend '[u]nless it is absolutely clear that no amendment can cure the defect.'"  Walker v. Beard, 789 F.3d 1125, 1139 (9th Cir. 2015) (quoting Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995)).  In other words, leave to amend "may be denied if the proposed amendment either lacks merit or would not serve any purpose because to grant it would be futile in saving the plaintiff's suit."  Chinatown Neighborhood Ass'n v. Harris, 794 F.3d 1136, 1144 (9th Cir. 2015) (quotation marks and citation omitted).

This is Caldarone's fourth lawsuit arising out of the foreclosure of his home.  The previous three actions have all been dismissed for lack of subject matter jurisdiction.

In the order dismissing Caldarone I with prejudice, including claims against Ocwen Loan Servicing and its CEO, Ronald

M. Faris (who are Defendants in this case), Judge Watson explained to Calderone that he had the burden of establishing subject matter jurisdiction and that a plaintiff may generally establish subject matter jurisdiction in two ways: (1) diversity jurisdiction under 28 U.S.C. § 1332; and (2) federal question jurisdiction under 28 U.S.C. § 1331.  Because Caldarone established neither diversity jurisdiction nor federal question jurisdiction, Caldarone I was dismissed with prejudice after Caldarone was given several chances to amend his Complaint.  See ECF No. 89, Civ. No. 13-00516 DKW/BMK.  The Ninth Circuit affirmed.  See ECF No. 100, Civ. No. 13-00516 DKW/BMK.

As noted above, the allegations in Caldarone II are similar to those of Caldarone I.  Judge Seabright also dismissed the Second Amended Complaint in Caldarone II because Caldarone failed to establish diversity jurisdiction or federal question jurisdiction.  See ECF No. 16, Civ. No. 13-00628 JMS/RLP.  These included dismissal of claims against Ocwen Loan Servicing and its CEO, Ronald M. Faris, Defendants in this case.  Id.

With respect to claims against the Clay Chapman Defendants (also Defendants in this case), Judge Kobayashi dismissed Caldarone's Amended Complaint in Caldarone III, ruling that the court lacked subject matter jurisdiction over those claims because Caldarone established neither diversity

jurisdiction nor federal question jurisdiction.  <u>See</u> ECF No. 73, Civ. No. 14-00523 LEK/BMK.

In three prior lawsuits, Caldarone has been allowed to file multiple amended complaints and has had the opportunity to establish subject matter jurisdiction.  In dismissing the three previous actions, the court explained that, for the court to have subject matter jurisdiction, Caldarone must establish either diversity jurisdiction or federal question jurisdiction.  He failed to do so in all three prior cases.  He has now filed a fourth action and has not opposed dismissal of it based on Defendants' contention that the court lacks subject matter jurisdiction.  As discussed above, Caldarone has not established diversity jurisdiction or federal question jurisdiction with respect to the claims asserted in this case.

Even reading his Amended Complaint very liberally, the court concludes that allowing any further amendment would be futile.  Certainly, the lack of complete diversity in this case continues.  The court therefore examines whether Caldarone might be able to assert any viable federal question claim against any Defendant in this case.  To the extent Caldarone may want to challenge the underlying foreclosure proceedings or the formation of his loan, it appears that any such challenge would be barred by the <u>Rooker-Feldman</u> doctrine or <u>res judicata</u> principles.  To the extent Caldarone may claim that the foreclosure proceedings

13

should be stayed pending his appeals, the court notes that the Ninth Circuit has already affirmed Caldarone I.  Additionally, with respect to the appeal in Caldarone III, Caldarone makes no allegation that he posted a bond and cites no other law or rule indicating that the foreclosure proceedings should be stayed until the Ninth Circuit rules on his appeal.  If Caldarone believes that any Defendant is violating a stay in place in Caldarone III, Caldarone should seek relief in that case.

This court notes that Caldarone had proposed to file a Second Amended Complaint that added additional lawyers and/or law firms as Defendants but otherwise asserted the same claims. Leave to amend was denied by the Magistrate Judge, who noted the absence of any basis for federal jurisdiction in the proposed pleading, notwithstanding the notice that the then-pending motion to dismiss gave Caldarone of a possible lack of jurisdiction.

Finally, to the extent Caldarone asserts claims arising out of Defendants' recent letters providing him with notice that Ocwen intends to go forward with the foreclosure proceedings, Caldarone does not clearly articulate any possible viable federal cause of action.  Given Caldarone's failure to file any written opposition to the present motion to dismiss for lack of jurisdiction, it makes no sense to give Caldarone leave to file new claims.

**VI.     THE COURT DECLINES TO DECLARE CALDARONE A VEXATIOUS LITIGANT AT THIS TIME.**

The court has considered Defendants' request that the court declare Caldarone to be a vexatious litigant, but has decided against issuing an order to show cause why he should not be declared a vexatious litigant at this time.  The court understands Caldarone's passion concerning the possibility of losing his home as well as the difficulty pro se plaintiffs face in attempting to litigate matters without an attorney.  The court is not unsympathetic to Caldarone's plight.

At the same time, this court recognizes the burden Caldarone is placing on Defendants.  Caldarone cannot continue to file complaints as soon as this court dismisses previous ones, ignoring the court's rulings in the previous cases.  Caldarone is therefore warned that, if he files frivolous pleadings or other documents in this court in the future, he may be subject to substantial sanctions, including possible monetary sanctions under Rule 11 of the Federal Rules of Civil Procedure or other authority.  If Caldarone is ultimately unsuccessful in his pursuits in this court, Defendants' fees and costs could possibly be awarded against Caldarone.

**V.      CONCLUSION.**

The court dismisses the Amended Complaint without leave to amend.  All pending motions and/or appeals are denied as moot.

The court directs the Clerk of Court to enter judgment in Defendants' favor and to close this case.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, February 4, 2016.



/s/ Susan Oki Mollway

Susan Oki Mollway
United States District Judge

Caldarone v. Faris, et al., Civ. No. 15-00319 SOM/RLP; ORDER GRANTING MOTION TO DISMISS AND SUBSTANTIVE JOINDER THEREIN